IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00149-MSK-MJW

BEELER PROPERTIES, LLC, a Colorado limited liability company,

        Plaintiff,

v.

LOWE ENTERPRISES RESIDENTIAL INVESTORS, LLC, a Delaware limited
liability company, and
MARY L. WENKE, in her capacity as Public Trustee for Arapahoe County,
Colorado,

        Defendants.

## ORDER REMANDING CASE TO THE
## ARAPAHOE COUNTY DISTRICT COURT

THIS MATTER comes before the Court on an Order to Show Cause **(#6)**, to which the parties have responded **(#7, #8, #9)**. Also before the Court is the Plaintiff's Motion for Abstention **(#10)**, to which Defendant Lowe Enterprises Residential Investors, LLC responded **(#11)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Factual Summary

This case involves a property owner's request to set aside a state court order authorizing the foreclosure of the sale of its property and voiding such sale. From review of the record, the property owner, Beeler Properties, LLC ("Beeler"), owned a tract of property located in Arapahoe County, Colorado. To buy the property, Beeler obtained financing from at least two lenders, including Lowe Enterprises Residential Investors, LLC ("Lowe"). The loans were

secured by liens against the property.

On November 21, 2006, Lowe sought and obtained an order from the Arapahoe County District Court authorizing a foreclosure sale of the property. The Public Trustee for Arapahoe County offered the property for sale on December 13, 2006. Lowe was the successful bidder and obtained a Certificate of Purchase. The redemption period for Beeler passed on February 26, 2007. It appears that Beeler did not redeem. The record is unclear as to whether any subsequent lienholder attempted to redeem, an order approving the sale has been issued or a Trustee's Deed issued.

## II. Procedural Background

Beeler commenced this action in the Arapahoe County District Court against Lowe and Mary L. Wenke, who was the Public Trustee for Arapahoe County ("the Public Trustee"). In its Complaint, Beeler seeks a declaration that a foreclosure sale of its property, authorized by the Arapahoe County District Court under C.R.C.P. 120, was invalid under Colorado law, and also seeks a judgment cancelling the sale.

Lowe removed the action to this Court and invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Upon review of the pleadings, the Court issued an Order to Show Cause (**#6**) because it could not discern whether it had subject matter jurisdiction over the controversy. The Court directed the parties to address diversity of parties and the application of the *Rooker-Feldman* doctrine.[1]

All parties responded to the Order to Show Cause. Beeler asks the Court to remand the

---

[1] The Rooker-Feldman doctrine is drawn from the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

2

case for lack of subject matter jurisdiction. Beeler contends that the Public Trustee is a non-diverse and necessary party, thereby destroying diversity. Beeler also contends that because it seeks to overturn a state court judgment ordering foreclosure, this Court is divested of jurisdiction under the *Rooker-Feldman* doctrine. Beeler's subsequent motion for abstention raises alternative grounds to abstain.

Lowe contends, as it did in the notice of removal, that the Public Trustee is a nominal party. It then asserts that the *Rooker-Feldman* doctrine does not apply, because: (1) it only prohibits a plaintiff from commencing an action in federal court, and here, the action was commenced in state court; and (2) the doctrine prohibits appellate review of a state court judgment, and under C.R.C.P. 120(d), a foreclosure order is not a judgment.

The Public Trustee[2] also responded. She agrees with Lowe that she is a nominal party in this case, and states that her actions with regard to processing a foreclosure are merely ministerial or administrative.

### III. Issue Presented

The issue presented is whether the Court has subject matter jurisdiction and if so, whether it should abstain from hearing this matter.

### IV. Analysis

The Court will assume that it has subject matter jurisdiction, at least to determine whether it should abstain.

#### A. Foreclosure of Deeds of Trust under Colorado Law

To determine what authority this Court has with regard to this controversy, it is helpful to

---

[2] Such response was filed by Ana Maria Peters-Ruddick, as successor to Mary L. Wenke.

begin with a brief summary of the Colorado real estate foreclosure process. In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the county where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the sale. C.R.C.P. 120; § 38-38-105, C.R.S. However, the process of conducting the sale and the parties' rights in such process are largely administrative.

Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. § 38-38-101(1), C.R.S. The lender must also seek an order from the state district court authorizing the sale under Rule 120.[3] Once a sale is authorized, the public trustee advertises and conducts the sale. § 38-38-101(4), C.R.S. The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.

Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem[4] the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together

---

[3] The Rule 120 procedure requires notice and gives the borrower an opportunity to object to the sale. Under Rule 120(a), the holder of the note files a verified motion in the state court requesting an order authorizing the sale of the property. The clerk of the court then sets a hearing "not less than 20 nor more than 30 days after the filing of the motion[.]" C.R.C.P. 120(a). Interested persons who oppose the motion have an opportunity to respond. C.R.C.P. 120(c). After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d). If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale." C.R.C.P. 120(g).

[4] The time for redemption depends upon the nature of the property. § 38-38-302, C.R.S.

with any taxes paid or other proper charges  *See* § 38-38-101 to § 38-38-103, C.R.S.  Redemption thus annuls the sale.  If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment."  However, a party may seek injunctive or other relief in any court of competent jurisdiction.  *Id.*

### B. Doctrines of Abstention Assuming that Diversity Jurisdiction Exists

Depending upon the vantage point and the stage in the foreclosure process, there are potentially two applicable doctrines of abstention, *Rooker-Feldman* and *Younger*,[5] both of which allow a federal district court to defer to the state adjudicative process.  The *Rooker-Feldman* doctrine precludes federal district courts from conducting appellate-type review of state court judgments.  *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1139 (10th Cir. 2006).  It applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The *Younger* abstention doctrine applies when there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceedings involve important state interests "which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

Lowe argues that the *Rooker-Feldman* doctrine does not apply for two reasons.  *See*

---

[5] *See Younger v. Harris,* 401 U.S. 37 (1971).

*supra*. The Court rejects the first reason as illogical. From a jurisprudential perspective, it makes no difference in application of the *Rooker-Feldman* doctrine whether jurisdiction is invoked by the filing of a complaint or a notice of removal. As for Lowe's second argument, it is correct that Rule 120(d) states that an order authorizing a foreclosure sale is not an appealable judgment. However, the applicablility of *Rooker-Feldman* does not depend upon whether state court orders are appealable, but rather upon whether they completely determine the rights of the parties. *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007).[6]

Given the nature of the Colorado foreclosure process, it is difficult to determine when the rights of the parties are completely determined. It could be at the time of the sale, expiration of the redemption periods, upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed. Neither party has submitted, and the Court has found no Colorado authority that sets the definitive point.

This action was initiated mid-stream in the foreclosure process, after both the issuance of

---

[6]In *Exxon Mobil Corp.*, the Supreme Court recently clarified the reach of the *Rooker-Feldman* doctrine. As discussed *supra*, the Supreme Court carefully prescribed the circumstances in which the doctrine applies: (1) there was a state court action; (2) one party lost; (3) judgment entered in the state court action against the losing party; (4) the losing party commenced a new action complaining of injuries caused by the state court judgment; and (5) the new action invited the district court to review and reject the state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

In *Mann*, the Tenth Circuit addressed whether the *Rooker-Feldman* doctrine prohibited a district court's review of claims attacking state court probate orders. In specific, the plaintiff commenced a civil action in federal district court seeking to enjoin guardianship and conservatorship orders. The district court dismissed the plaintiff's claims, based upon *Rooker-Feldman*. On appeal, the plaintiff argued that the probate orders were not final orders subject to *Rooker-Feldman*. The Tenth Circuit rejected her argument. It first acknowledged that: "The [Supreme] Court clarified in *Exxon-Mobil* that the *Rooker-Feldman* doctrine is confined to cases brought after the state proceedings have ended." *Mann*, 477 F.3d at 1146 (citation and quotation omitted). It then determined that the probate court's orders were "final" and subject to *Rooker-Feldman*, because the orders completely determined the rights of the parties to the state court proceeding.

the Rule 120 sale order and the foreclosure sale, but before the expiration of the redemption periods, issuance of an order approving the sale, and issuance of a Trustee's Deed. It is unclear, both under Colorado law and in the context of this action, whether all the rights of the parties have yet been determined.

The Court is left with a single conclusion based upon alternative doctrines. Arguably, either *Rooker-Feldman* or *Younger* is applicable. If there was a final determination of the parties' rights at the time of the foreclosure sale of the property, for which the appropriate remedy is an independent action challenging the Rule 120 order, this Court must abstain pursuant to the *Rooker-Feldman* doctrine. This is because the Court is being asked to conduct an appellate-like review over the Rule 120 order authorizing the sale. Alternatively, if there has been no final determination of the rights of the parties because the foreclosure process was not concluded, then the Court should abstain under the *Younger* doctrine. Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law. *Cf. BFP v. Resolution Trust Corp.,* 511 U.S. 531, (1994). In short, regardless of whether the foreclosure process had or has been concluded, it is appropriate for the Colorado District Court rather than this Court to determine the issues presented in this matter.[7]

Beeler's Motion for Abstention asks the Court to abstain under *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 52 (1933). Because the Court has determined that abstention

---

[7] This conclusion is consonant with the reasoning of other district courts. *See Borkowski v. Fremont Inv. and Loan of Anaheim, Cal.,* 368 F. Supp. 2d 822 (N.D. Ohio 2005) (concluding that the *Rooker-Feldman* doctrine, *res judicata*, or the *Younger* abstention doctrine precluded federal review of a state foreclosure matter).

is warranted on other grounds, the Court does not reach the issues presented in Beeler's motion.

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to **REMAND** this action to the Arapahoe County District Court.

Dated this 7th day of May, 2007

                                       **BY THE COURT:**

                                       Marcia S. Krieger
                                       United States District Judge